**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**MICHAEL GEORGE SHAFFAR, JR.,**

      Plaintiff,

vs.                                                            Civ. No. 02-1026 MCA/LCS

**GARY PEDERSON AND JEFF GRAY,**

      Defendants.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDATION**

**THIS MATTER** is before the Court upon Defendants' Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted and Lack of Federal Jurisdiction or, in the Alternative, Motion for Summary Judgment filed March 10, 2003 *(Doc. 14)*. The Court has additionally considered Plaintiff's Motion for Appointment of Counsel filed August 16, 2002 *(Doc. 2)*, which the Court previously denied. Plaintiff is proceeding *pro se* and *in forma pauperis*. The Court finds that Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment is well-taken, and recommends that the Motion be GRANTED; that Plaintiff's Motion for Appointment of Counsel filed August 16, 2002 *(Doc. 2)* is not well-taken and should be DENIED, and that summary judgment be granted in favor of Defendants.

**I. PROCEDURAL BACKGROUND**

1.       Plaintiff filed his Civil Rights Complaint on August 16, 2002 *(Doc. 1),* proceeding *pro se* and *in forma pauperis.* By Memorandum Opinion and Order issued on December 11,

2002 *(Doc. 10)*, the Court *sua sponte* dismissed Defendants Las Cruces Police Department and the Las Cruces Police Department.  Defendants Pederson and Gray thereafter filed a Motion to Dismiss and supporting Memorandum on March 10, 2003 *(Docs. 13 and 14)*.  The Court entered an Order on April 8, 2003 *(Doc. 20)* denying Plaintiff's Motion for Appointment of Counsel filed August 16, 2002 *(Doc. 3)* requiring Plaintiff to file a Response to the Motion to Dismiss **no later than May 19, 2003.**

    2.    The Court permitted Respondent to file a Reply thereto **no later than June 19, 2003.** *See* Order Denying Motion for Appointment of Counsel and Requiring Response to Defendants' Motion to Dismiss filed April 8, 2003 *(Doc. 20)*.

    3.    In the April 8, 2003 Order, the Court noted:

> If Plaintiff fails to file a Response within the requisite time period, the Court shall consider such failure as a consent to dismissal of this action and shall so recommend dismissal to the Presiding Judge.

*See* Order Denying Motion for Appointment of Counsel and Requiring Response to Defendants' Motion to Dismiss filed April 8, 2003 *(Doc. 20)*.

    4.    The Court further noted in the April 8, 2003 Order that:

> Plaintiff is reminded that failure to file a Response within the time period specified in this Order will be considered a consent by the Plaintiff to granting of the Motion to Dismiss this matter.

*See* Order Denying Motion for Appointment of Counsel and Requiring Response to Defendants' Motion to Dismiss filed April 8, 2003 *(Doc. 20)*.

    5.    Plaintiff failed to file a Response with the Court by May 19, 2003.

    6.    Plaintiff has failed to file his Response even beyond the deadline set by the Court; and the docket reflects that no Response has yet been filed.

7.  The Court therefore recommends that Plaintiff be found to have consented to granting of the Motion to Dismiss this matter with prejudice.

8.  The Court has also considered the merits of Plaintiff's claims and finds that there are no genuine issues of material fact and Defendants are entitled to judgment as a matter of law.

9.  The Court therefore recommends that Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment be granted, and that summary judgment be granted in favor of Defendants.

## II.  FACTUAL BACKGROUND

10. The following facts are set forth in the light most favorable to plaintiffs, and all well-pleaded allegations of the Complaint are accepted as true. FED. R. CIV. P. 12(b)(6). Plaintiff was arrested at the Mesilla Valley Hospital on August 13, 2000 by the Las Cruces Police Deparmtent (hereinafter "LCPD"). Compl. ¶B(1). At the time that he was arrested, the officers of the police department forgot to retrieve Plaintiff's belongings kept in a locker at the hospital. *Id*. Plaintiff's belongings were locked in a locker, and not in the open. *Id*. Sometime after Plaintiff was arrested and taken by the LCPD, the officers returned to the hospital retrieved his belongings. Compl. ¶B(1). The LCPD did not obtain a search warrant before retrieving Plaintiff's belongings. *Id*.

## III.  RULE 12(B)(6) AND SUMMARY JUDGMENT STANDARD

11. Rule 12 (b)(6) of the FEDERAL RULES OF CIVIL PROCEDURE provides that a party may move the Court to dismiss a complaint for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 16(b)(6). When a claim is challenged under Rule 12(b)(6), the court presumes that all well-pleaded allegations are true, resolves all doubts and inferences in the

3

pleader's favor, and views the pleading in the light most favorable to the non-moving party. *See Albright v. Oliver*, 510 U.S. 266, 267 (1994); *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002). In accepting the allegations of the complaint as true, the court must consider whether the complaint, standing alone, is legally sufficient to state a claim upon which relief may be granted. *Ordinance 59 Ass'n v. United States Dep't of Interior Sec'y*, 163 F.3d 1150, 1152 (10th Cir. 1998). "A complaint may be dismissed pursuant to FED R. CIV. P. 12 (b)(6) only if the plaintiff can prove no set of facts to support a claim for relief." *Gonzales v. City of Castle Rock*, 307 F.3d 1258, 1261 (10th Cir. 2002)(internal citation omitted). However, "the FEDERAL RULES OF CIVIL PROCEDURE erect a powerful presumption against rejecting pleadings for failure to state a claim." *Robbins v. Wilkie*, 300 F.3d 1208, 1210 (10th Cir. 2002)(citing *Cottrell, Ltd. v. Biotrol Int'l, Inc.*, 191 F.3d 1248, 1251 (10th Cir. 1999)).

      13.     A motion for summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Jones v. Denver Post Corp.*, 203 F.3d 748, 751 (10th Cir. 2000); Fed. R. Civ. P. 56(c). The Court examines the record and makes all inferences in the light most favorable to the non-moving party. *Munoz v. St. Mary-Corwin Hosp*. 221 F.3d 1160, 1164 (10th Cir. 2000). Summary judgment is proper "[w]here the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party." *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)(citing *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 289 (1968)). The party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts"; the nonmoving

party must come forward with "specific facts showing that there is a genuine issue for trial." *Matsushita*, 475 U.S. at 586-87 (citing FED. RULE CIV. P. 56(e)). In addition, where the non-moving party will bear the burden of proof at trial on a dispositive issue, "that party 'must go beyond the pleadings' and 'designate specific facts' so as to 'make a showing sufficient to establish the existence of an element essential to that party's case' in order to survive summary judgment." *McKnight v. Kimberly Clark Corp.*, 149 F.3d 1125, 1128 (10th Cir. 1998)(quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986)). Entry of summary judgment is mandated 'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which it will bear the burden of proof at trial.' *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986)).

14.     When the moving party has carried its burden under Rule 56(c), its opponent must

> do more than simply show that there is some metaphysical doubt as to the material facts . . .the nonmoving party must come forward with specific facts showing that there is a genuine issue for trial.

FED. RULE CIV. P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)(internal citations omitted). Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. *Matsushita*, 475 U.S. at 587. On summary judgment the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Id*. at 588 (internal citations omitted).

### IV.     ANALYSIS

15.     Plaintiff was arrested on August 12, 2001. Compl. ¶B(1). On May 30, 2002, a

Judgment, Order and Commitment to the Corrections Department was entered in the Third Judicial District Court, County of Dona Ana, convicting Plaintiff of the offenses of Murder in the First Degree (Felony Murder), a capital offense; Armed Robbery, a second degree felony; eight counts of Unauthorized Use of an ATM Card of Another, fourth degree felonies; Conspiracy to Commit Unauthorized Use of an ATM Card of Another, a fourth degree felony; and Unlawful Taking of a Motor Vehicle, a fourth degree felony. Memo. Ex. 4. Plaintiff filed a Notice of Appeal on June 25, 2002. Memo. Ex. 6. The documents submitted in this matter do not indicate whether Plaintiff's appeal from his state conviction remains pending. In the course of his state criminal proceedings, Plaintiff moved on August 7, 2001 to suppress evidence obtained by the police. Memo. Ex. 2. The state court denied Plaintiff's motion. Memo. Ex. 6. In its Order, the Court noted that Plaintiff's personal items "were not collected for evidence as demonstrated by the warrant which was later obtained to move the items from safekeeping into evidence." Memo. Ex. 6. The Court further noted that in retrieving Plaintiff's personal items, the officers followed an established police procedure when they retrieved the clothing of the Plaintiff following his arrest at the hospital; the clothing was collected for safekeeping; the short period of time between the arrest and collection of the evidence did not remove the police responsibility to ensure the security of the defendant's effects; the actions of the police were reasonable and the items would have been seized pursuant to a warrant if they had remained at the hospital. Memo. Ex. 6.

      16.     Defendants argue that the Court lacks jurisdiction over Plaintiff's claim given that his conviction has not been invalidated. *See Heck v. Humphrey*, 512 U.S. 477, 489(1994)("Even a prisoner who has fully exhausted available state remedies has no cause of action under § 1983

6

unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus."). Defendants further argue that pursuant to *Heck* and its progeny, Plaintiff's claims must be dismissed with prejudice. Defendants finally argue that Plaintiff's claims, having been litigated in the context of his criminal case, are precluded by collateral estoppel and res judicata.

**A.     Jurisdiction of the Court**

16.     In *Heck v. Humphrey*, the Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-88 and n6 (1994). A 42 U.S.C. § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence thus does not accrue until the conviction or sentence has been invalidated, and a Federal court has no jurisdiction to consider such a claim. *Id*. at 489-490. Defendants argue that under *Heck*, this Court does not have jurisdiction to entertain Plaintiff's § 1983 claim.

17.     In *Heck*, however, the Supreme Court further noted that "a suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction." *Heck*, 512 U.S. at 487 n.7. In such a suit, "[i]n order to recover compensatory damages, however, the § 1983 plaintiff must prove not only that the search was

7

unlawful, but that it caused him actual, compensable injury . . . which does not encompass the 'injury' of being convicted and imprisoned (until his conviction has been overturned)." *Heck*, 512 U.S. at 487 n.7 (citing *Memphis Community School Dist. v. Stachura*, 477 U.S. 299, 308 (1986)). Applying *Heck* to the facts presented in this case, it does not appear that this Court lacks jurisdiction to consider Plaintiff's claim. Nevertheless, Plaintiff has failed to demonstrate his "actual, compensable injury" beyond the injury of being convicted and imprisoned.

**B.     Issue or Claim Preclusion**

18.     Defendants further argue that Plaintiff is precluded by *res judicata* or collateral estoppel from re-litigating the issues decided in his criminal case. The doctrine of res judicata prohibits litigation of certain claims based on the resolution of an earlier action between the same parties. *Reed v. McKune*, 298 F.3d 946, 950 (10th Cir. 2002). "Under res judicata, a final judgment on the merits of an action precludes the parties . . . from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). However, the authority upon which Defendants rely predates the Supreme Court's decision in *Heck*, which implies that a plaintiff may pursue claims under 42 U.S.C. § 1983 relating to searches in certain limited circumstances.

19.     Because I find that Defendants are entitled to judgment as a matter of law, I do not reach the question of whether Plaintiff's claim is precluded by collateral estoppel or *res judicata*.

**C.     Plaintiff's Failure to Respond**

20.     I also note that Plaintiff has failed to respond to the Motion to Dismiss despite being given an extension of time in which to respond. *See* Order Denying Motion for

Appointment of Counsel and Requiring Response to Defendants' Motion to Dismiss filed April 8, 2003 *(Doc. 20)*.  Plaintiff has come forward with no additional information to controvert the information provided in the Answer and the Motion to Dismiss, or in the Alternative, for Summary Judgment and supporting Memorandum. In the April 8, 2003 Order the Court reminded Petitioner "that failure to file a Response within the time period specified in this Order will be considered a consent by the Plaintiff to granting of the Motion to Dismiss this matter WITH PREJUDICE." *See* Order Denying Motion for Appointment of Counsel and Requiring Response to Defendants' Motion to Dismiss filed April 8, 2003 *(Doc. 20)*

      21.    Civil Rule 7.1 (b) of the District of New Mexico Local Rules, provides that "[t]he failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion."  Plaintiff failed to file a response to the Motion to Dismiss, or in the Alternative before this Court.  As such, the failure of Plaintiff to respond to the Motion before the Court constitutes his consent to granting of the Motion.

      22.    In *Meade*, the Tenth Circuit noted that "[d]ismissal of an action with prejudice is a severe sanction, applicable only in extreme circumstances."*Meade v. Grubb*s, 841 F.2d 1512, 1520 n.6 (10th Cir. 1988)(internal citations omitted).  The *Meade* analysis requires the Court to consider three aggravating factors: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; and (3) the culpability of the litigant. Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction." *Meade*, 841 F.2d at 1521 (internal citations omitted).

23.     The Tenth Circuit has further noted that these factors should be considered in light of the "strong predisposition to resolve cases on their merits." *See Murray v. Archambo*, 132 F.3d 609, 611 (10th Cir. 1998); *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395-96 (10th Cir. 1988)(where attorney and therefore failed to respond, resulting in delay of almost two weeks, court abused its discretion in denying plaintiff's motion for reconsideration following dismissal of case based on local rule).  In the instant matter, the Court has not relied solely upon Plaintiff's failure to file a Response, but has examined the merits of Plaintiff's claims. Nevertheless, the Court notes that Defendants' Motion has been pending since March 2003. Plaintiff was provided additional time to Respond, yet failed to do so, and Plaintiff has failed to provided the Court with any information as to why he has failed to comply with the Order of the Court.

24.     The Court has examined the record and has made all inferences in the light most favorable to the non-moving party. *Munoz v. St. Mary-Corwin Hosp.* 221 F.3d 1160, 1164 (10th Cir. 2000). However, it is apparent that "the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party." *Matsushita*, 475 U.S. at 587 (citing *First National*, 391 U.S. at 289 (1968)). Plaintiff, as the party opposing summary judgment, "must do more than simply show that there is some metaphysical doubt as to the material facts"; he must come forward with "specific facts showing that there is a genuine issue for trial." *Matsushita*, 475 U.S. at 586-87 (citing FED. RULE CIV. P. 56(e)).  It is uncontroverted that Plaintiff has litigated the very same issue within the context of his criminal case.  It is uncontroverted that Plaintiff has failed to demonstrate his "actual, compensable injury" beyond the injury of being convicted and imprisoned; in fact, Plaintiff has failed to come forward with any evidence of

compensable injury, beyond his own conclusory allegations.  Plaintiff has failed to meet his burden to demonstrate any damages beyond his conviction and incarceration, and Defendants are entitled to summary judgment as a matter of law.

### D.      Petitioner's Motion for Appointment of Counsel

25.     Plaintiff filed a Motion for Appointment of Counsel on October 8, 2002 *(Doc. 3)*. The Court has *sua sponte* reexamined Plaintiff's motion.  In considering a request to appoint counsel, the Court should "'give careful consideration to all the circumstances with particular emphasis upon certain factors that are highly relevant to a request for counsel.'"  *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)(quoting *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985)).  In reviewing Plaintiff's motion, the Court has considered "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised in the claims."  *Rucks*, 57 F.3d at 979 (quoting *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)). The Court has reviewed the Complaint and subsequent pleadings in light of the foregoing factors.  The Court notes that Plaintiff was well able to articulate his claims in the Complaint.  However, the Court has found that Plaintiff's claims are without merit, and that Defendants are entitled to judgment as a matter of law.  The Court therefore, having *sua sponte* reexamined Plaintiff's Motion for Appointment of Counsel filed October 8, 2002 *(Doc. 3)* finds that it is not well-taken and should be denied.

26.     Based upon the applicable law and the facts, the Court makes the following recommendation.

**RECOMMENDED DISPOSITION**

I recommend that Plaintiff's Motion for Appointment of Counsel be DENIED; that Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment be GRANTED; and that summary judgment be entered in favor of Defendants.  Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C).  Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102.  A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**